CORINTH WOOLEN MILLS, Appellant, v. WABASH RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals, March 22, 1910.

**COMMON CARRIERS:** Delay in Transporting Goods: Evidence to Establish Contract Insufficient. Plaintiff delivered goods to defendant railroad company, to be transported to a point on the line of a connecting carrier. The consignee refused them, and thereupon plaintiff wrote to defendant, asking it to have the goods returned and enclosing the bill of lading. Defendant did not answer this letter nor expressly agree to do anything, but did make an effort to have the goods returned by the connecting carrier. There was no proof of payment of the usual tariff charges. The connecting carrier did not promptly return the goods, and plaintiff brought suit against defendant, alleging it had breached a contract to have the goods returned within a reasonable time. *Held*, it was not so certainly established such a contract was made as to preclude the trial court from finding it was not made.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*Pearce, Davis & Curlee* for appellant.

*N. S. Brown* and *Walter N. Davis* for respondent.

GOODE, J.—This case was submitted on the following agreed statement of facts:

"It is agreed that the following are the facts in the above case and this agreed statement is submitted in lieu of all testimony:

"Defendant is a commom carrier of freight by rail to and from St. Louis, Mo. Bazar, Kansas, is a station on the line of the Atchison, Topeka & Santa Fe Railway Company, a common carrier of freight by rail, whose line connects with the line of the defendant. The defendant has no line of railway through Bazar, Kansas.

"On the 31st day of October, 1906, the plaintiff, a manufacturer of clothing in the city of St. Louis, Missouri, delivered to defendant, at St. Louis, Missouri, one case or box of clothing of the value of $177, consigned to D. Johnson, Matfield Green, Kansas, to Bazar, Kansas, and defendant issued to plaintiff its bill of lading therefor. Said case of goods was safely carried within a reasonable time by the defendant and the said Atchison, Topeka & Santa Fe Railway Company to destination, Bazar, Kansas.

"The said goods were refused by the consignee, and were not delivered by the Atchison, Topeka & Santa Fe Railway Company to the consignee. The said goods, then in the possession of the Atchison, Topeka & Santa Fe Railway Company at Bazar, Kansas, were the property of plaintiff, after their refusal by the consignee. While the said goods were so in the possession of the Atchison, Topeka & Santa

Fe Railway Company at Bazar, Kansas, plaintiff, on November 19, 1906, wrote to M. L. Becker, freight claim agent of the defendant at St. Louis, Missouri, the following letter:

" 'We hand you herewith original bill of lading for our shipment of October 31, 1906, to Matfield Green, Kansas. This shipment has been refused by the consignee, and we will ask you to kindly have same returned to us, charges following.'

"Attached to said letter was the original bill of lading for said shipment.

"One week is a reasonable time required for transportation of goods from Bazar, Kansas, to St. Louis, Missouri. Defendant sent instructions contained in said letter of November 19, 1906, to the agent of the Atchison, Topeka & Santa Fe Railway Company at Bazar, Kansas, and the said goods were returned to plaintiff at St. Louis, and arrived at St. Louis and were delivered to plaintiff on February 2, 1907. The aforesaid letter of November 19th was the only notice given to the defendant or any other person to return said goods. Matfield Green is not on any railroad and goods intended for that point are carried by rail to Bazar, Kansas, that being the nearest shipping point. The market value of said goods on February 2, 1907, was $87.50 less than during the period from November 19th to December 15th."

The petition alleged the goods in question were transported by defendant and the connecting carrier from St. Louis to Bazar, Kansas, were refused at the latter point by the consignee, plaintiff notified of the refusal, then plaintiff sent to defendant the original bill of lading for the shipment, instructed defendant to have the goods returned to plaintiff at St. Louis, defendant accepted the bill of lading for said purpose "and thereupon undertook and promised, for the usual tariff charges, to have the goods returned to plaintiff within a reasonable time," ten days would have been a reason-

able time, but defendant did not have the shipment returned until February 2, 1907.

The agreed facts do not show conclusively the contract alleged in the petition by which defendant agreed to have the goods returned to plaintiff within a reasonable time and for a consideration. The averred consideration to defendant for the supposed contract was "the usual tariff charges," but nothing is said in the stipulated facts about this consideration. The stipulation contains a letter plaintiff had transmitted to defendant asking the latter to have the shipment returned, and this letter was accompanied by the bill of lading; but that defendant answered the letter, or in any other way agreed with plaintiff to take upon itself the responsibility to see the shipment was re turned, is not necessarily to be inferred from the cir- cumstances agreed upon, but, at most, would only be in- ferable by the trier of facts. That all defendant under- took to do was to give notice to the final carrier in whose possession the goods were, to return them to plaintiff, consists as well with what happened, *i. e.,* the sending of the letter and bill of lading to defendant and thereafter a direction by the latter to the Atchison, Topeka & Santa Fe Company to return the goods. Plaintiff's letter contains these words: "charges fol- lowing;" but there is nothing in the agreed statement to show those words meant the usual tariff charges, and they might mean some other reasonable sum. Hence the alleged consideration of a contract between plaintiff and defendant for the latter to return the goods, was not established. Defendant did not ex- pressly agree to do anything, but what the letter asked it to do was "to kindly have the goods returned to plaintiff," and this it made an effort to do. At any rate, neither the letter nor the acts of the parties fairly can be held to have established so certainly a contract by which defendant took upon itself the task of seeing the goods were returned to plaintiff within a reasona-

ble time, as to preclude the court from finding it did not agree to do this.

The judgment is affirmed.   All concur.